In the matter of the account of the trustees of ALFRED B. JENKINS, deceased; FARNHAM YARDLEY and HENRY W. MONTAGUE, trustees under the last will and testament of Alfred B. Jenkins, deceased:

[Argued December 7th, 1923. Decided March 3d, 1924.]

1. Under Orphans Court act (*3 Comp. Stat. 3885 § 209*), surrogates are entitled to allowance of fees for auditing, stating and reporting accounts of trustees based upon *corpus* received from themselves as executors of the same estate, even though such surrogate has received an allowance upon the same sum for auditing, stating and reporting the account of the executors.

2. Such allowance is to be fixed and is payable upon the auditing, stating, reporting and allowance of the accounts of the trustees and not postponed until ultimate and final distribution of the *corpus*.

On appeal from the prerogative court.

*Messrs. Wall, Haight, Carey & Hartpence,* for the appellants.

*Mr. Howard Isherwood,* for the appellee.

The opinion of the court was delivered by

CAMPBELL, J.

This is an appeal from a decree of the prerogative court affirming a decree of the Essex county orphans court, allow-

ing to the surrogate of Essex county $3,866.70 as fees for auditing, stating and reporting the account of appellants as trustees under the last will and testament of Alfred B. Jenkins, deceased.

This allowance was made under the provisions of the Orphans Court act (*3 Comp. Stat. 3885 § 209*) and is at the rate of one-tenth of one per cent. on $3,866,703.19, of which $3,582,741.68 was *corpus* and $283,961.51 was income.

Appellants were also the executors of the estate of Alfred B. Jenkins, deceased, and filed their final account as such October 15th, 1919, which account was allowed by the Essex county orphans court on November 7th, 1919, and an allowance then made to the surrogate of Essex county of $4,655.18 for auditing, stating and reporting the account.

Appellants filed their first account as trustees May 23d, 1921, in which they charge themselves with *corpus* $3,123,-863.30, received from themselves as executors by the aforesaid decree of November 7th, 1919, and with $20,305.49 income likewise received. It is to the allowance of fees to the surrogate on these two items, totaling $3,144,168.79, and an item of *corpus* $458,878.38, collected by appellants since November 7th, 1919, that this appeal is directed.

The grounds of attack are:

1. That the orphans court was not justified in making the allowance upon these sums because the surrogate had already been allowed upon the same sums for auditing and stating the account of appellants as executors; and

2. Because the amount of the allowance is excessive.

We think that neither ground is substantial. Appellants concede that the offices of executor and trustee under a will are distinct irrespective of the fact that they may be the same persons.

The *Heath Case, 52 N. J. Eq. 807,* is not applicable to the present matter, except, of course, that upon future accountings by appellants the surrogate can have no allowance upon the sums upon which the present allowance has been made.

It may be argued that the statute in question, arbitrarily and without proper and due consideration of services to be performed by the surrogate, fixes the allowance; but that is a legislative matter and does not call for nor permit of adjustment or remedy by this court. Likewise it has been contended that if the allowance is proper, upon the sums in question, such allowance should not have been made and payment required as of July 1st, 1921; but at some time or times in the future as the *corpus* was ultimately and finally distributed. But the answer to this is that the statute in question does not express such a legislative intent.

We conclude, therefore, that the allowance was properly made upon the sums against which it was computed and was payable as of the date of such allowance, July 1st, 1921.

Upon the question of excessiveness all that can be said is that there is nothing before us to show that the judge of the orphans court abused the power of discretion with which he was clothed by the statute.

The decree below is therefore affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, HEPPENHEIMER, GARDNER. VAN BUSKIRK, CLARK—12.

*For reversal*—None.